IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No: 19-CR-20220-5 |
| V. | |
| WILLIAM LUCIANO LLANOS CORTES | Honorable: Scola |

FILED BY ＭＣ D.C.

MAR 04 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

REPLY TO THE GOVERNMENT'S RESPONSE

PURSUANT TO 18 U.S.C. §3582(c)(2)

Now comes the Petitioner, William Luciano Llanos Cortes, through paralegal assistance respectfully submits the foregoing reply to the government's response pursuant to 18 U.S.C. §3582(c)(2) Amendment 821; 1B1.10, §1B1.10(b)(2)(B). Section 1B1.10 dictates the extent of the reduction permitted but 1B1.10(B)(2)(B) permits a "compariable" reduction below the amended guideline range. Id. §1B1.10(b)(2)(B). See Dillon, 560 U.S. at 527. In the response pg. 3, 4, 5, 6, 7, 8, and 9 the government's arguments are misplaced:

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (internal citation and quotation marks omitted). Section 3582(c)(2) supplies one of those narrow exceptions and gives the district court discretion to modify a sentence if the following three prerequisites are met: (1) The defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§]994(o)"; (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the relevant factors set out in 18 U.S.C. §3553(a) demonstrate that the defendant is entitled to relief. §3582(c)(2); see also United States v. C.D., No. 15-3318,

848 F.3d 1283, 2017 U.S. App. LEXIS 3122, 2017 WL 694483 at *2 (10th Cir. Feb. 22. 2017) ("Section 3582(c)(2) plainly tells us a defendant must overcome three distinct hurdles before he may obtain a sentence reduction thereunder."). As these requirements portend, a reduction of a sentence under §3582(c)(2) "does not constitute a de novo resentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).

The Supreme Court of the United States has condensed the §3582(c)(2) inquiry into two steps. Step one examines a defendant's eligibility for a sentence reduction and, where eligibility is met, the extent of the reduction authorized." At step one, §3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction." Dillon v. United States, 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). The court calculates the impact of the applicable retroactive guideline amendment on the sentencing range and leaves intact all other original sentencing findings. The guideline amendment must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." §1B1.10, comment. (n.1(A)). Section 1B1.10 also dictates the extent of the reduction permitted. For example, generally, an authorized reduction cannot dip below the amended guideline range, but where the original sentence was below the guideline range to reflect the defendant's substantial assistance to the government. §1B1.10 (b)(2)(B) permits a "comparable" reduction below the amended guideline range, Id. §1B1.10(b)(2)(B); see also Dillon, 560 U.S. at 827. As here, Petitioner cooperated with the government.

Step two involves the district court's analysis of the §3553(a) factors. The district court "consider[s] any applicable §3553(a) factors and determine[s]

whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.  In the case at hand, this Court should echo these steps and grant Petitioner's motion for sentencing reduction.

## CONCLUSION

For the foregoing reasons, set forth, Petitioner respectfully request that this Honorable Court grant Petitioner's motion for sentence reduction, by utilizing Amendment 821 §1B1(b)(2)(B) permits a "comparable" reduction below the amended guideline range, Id. §1B1.10(b)(2)(B), along with the §3553(a) factors.

Date: February 27, 2024

Respectfully submitting,

*William Luciano Llanos*

William Luciano Llanos Cortes
Reg. #02507-506
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630

Prepared by Paralegal

## CERTIFICATE OF SERVICE

This is to certify that I have on this day under the penalty of perjury (Title 28 U.S.C. §1746) served a true and correct copy of the foregoing reply to the government's response pursuant to 18 U.S.C. §3582(c)(2) Amendment 821; 1B1.10; §1B1.10(b)(2)(B) and §3553(A) factors.

Date: February 27, 2024

Respectfully submitting,

*William Luciano Llanos*

William Luciano Llanos Cortes
Reg. #02507-506
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630

Prepared by Paralegal



*Federal Correctional Institution*
*PO Box 1000,*
*Cresson, Pa 16630*

"The enclosed letter was processed through special Mailing procedures for forwarding to you. The letter has neither been open nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, Please return the enclosure to the above address."

DATE: 02-26-24