United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>William Luciano Llanos Cortes,<br>Defendant. | )<br>)<br>)<br>)<br>)  Criminal Case No. 19-20220-CR-Scola<br>)<br>)<br>) |

### Order Denying Motion for Sentence Reduction and Appointment of Counsel

This matter is before the Court on the Defendant William Luciano Llanos Cortes's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel. (Mot., ECF No. 107.) The Government has responded opposing Llanos Cortes's motion. (Resp., ECF No. 108.) Llanos Cortes replied in support of his motion. (ECF No. 109.) After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** the motion for reduction of sentence and appointment of counsel. (**Mot., ECF No. 107**.)

1. **Background**

On April 23, 2019, a federal grand jury indicted Llanos Cortes and his co-defendants with conspiracy to possess with intent to distribute a controlled substance. (ECF No. 3.) On March 30, 2022, pursuant to a plea agreement (ECF No. 50) and factual proffer (ECF No. 51), Llano Cortes pled guilty to Count One of the indictment—specifically, to conspiracy to possess with intent to distribute a controlled substance while on board a vessel in violation of Title 46, United States Code, Section 70503(a)(1), all in violation of Title 46, United States Code, Section 70506(b).

The United States Probation Office prepared a pretrial services report ("PSI"), which determined that Llanos Cortes had a total offense level of 33, a criminal history category of I, and an advisory guideline range of 135-168 months. (*See* Resp. 2, ECF No. 108.) On June 14, 2022, the Court sentenced Llanos Cortes to 100 months in prison, followed by two years of supervised release. (J. 2-3, ECF No. 78.) As of the filing of his motion, Llanos Cortes had served about 50% of his sentence.

Since Llanos Cortes was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders,

which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Llanos Cortes now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 100 months in prison and two years of supervised release.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any

pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

### A. Llanos Cortes is not eligible for a sentence reduction.

As noted, the retroactive amendment that Llanos Cortes invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, the Court need not determine whether Llanos Cortes meets these criteria because a reduction of his sentence would not be consistent with Amendment 821's applicable policy statements. Specifically, if the Court were to apply Amendment 821 to Llanos Cortes's guideline range, it would result in an offense level of 31, with a criminal history category of I, and a new guideline range of 108 to 135 months.

However, pursuant to the applicable policy statement, the Court cannot reduce Llanos Cortes's term of imprisonment below the minimum of the

amended guideline range—*i.e.*, below 108 months.  *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Because the Court's judgment imposed a sentence of 100 months, which is below the new guideline range, the Court is precluded by the applicable policy statement from reducing Llanos Cortes's sentence pursuant to § 3582(c)(2). The Government never filed a motion based on substantial assistance by Llanos Cortes, so the exception for substantial assistance does not apply. (ECF No. 108.) Moreover, because a reduction in Llanos Cortes's sentence would be inconsistent with the applicable policy statements, the Court need not consider the § 3553(a) factors.

### B. Llanos Cortes is not entitled to appointment of counsel.

Finally, the Court also determines that Llanos Cortes is not entitled to appointment of counsel to pursue his motion for reduction of sentence. Courts have uniformly held that defendants do not have a statutory or constitutional right to counsel in these matters. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Additionally, Llanos Cortes establishes no unique facts or circumstances that would warrant the Court's exercise of discretion to appoint counsel here.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Llanos Cortes's motion for reduction of sentence and appointment of counsel is **denied**. (**Mot., ECF No. 107**.)

**Done and ordered** at Miami, Florida on March 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge